JAMES DANTES, PLAINTIFF, v. JOSEPH F. McGANN, TRAD-
ING AS McGANN COMPANY, DEFENDANT.

Submitted July 6, 1922—Decided November 10, 1922.

1. While the price paid for property does not, by itself, establish the
value thereof, yet it is an element to be taken into consideration
by the jury in determining the value.
2. A warehouseman is liable for any loss or injury to goods caused
by his failure to exercise such care in regard to them as a reason-
ably careful owner of similar goods would exercise.
3. Where furniture, packed in boxes, in good order when shipped
over a railroad, was retained in the railroad terminal six days
and was then put in a warehouse for storage, and, when taken
out by the owner, fourteen months later, was found to be prac-
tically destroyed by rats, it was open to the jury to find a want
of due care and consequent liability upon the part of the de-
fendant warehouse company, there being evidence that the de-
fendant's warehouse was overrun to some extent by rats.
4. Where furniture is in good condition when shipped and is de-
livered by the carrier to a warehouseman and, when later de-
livered to the owner, is found to be injured, the presumption is,
in the absence of evidence, that it was damaged while in the
possession of the last bailee, and the burden is on him to show
the contrary.
5. The admission of evidence, which is merely immaterial and not
prejudicial, is no sufficient reason for a new trial.

On defendant's rule to show cause why the plaintiff's ver-
dict should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the rule, *Milton M. Unger.*

*Contra, Warner & Warner.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff shipped a carload of house-
hold furniture from Pittsburgh to Newark over the lines of

the Pennsylvania Railroad Company, and prepaid the freight charges. The goods were packed in boxes, and were shipped some time in April, 1919, and reached the railroad terminal in Newark on May 15th, 1919. Plaintiff was notified of their arrival but failed to remove them, and so on May 21st, 1919, the goods were delivered to the defendant warehouse company by the railroad company. They remained in the warehouse until July, 1920, a period of nearly fourteen months, and then were removed by the plaintiff. When he opened the boxes he found that a large part of the furniture had been practically destroyed by rats, and he brought this suit against the defendant warehouse company for the loss. The jury returned a verdict in his favor for $750, and the defendant was allowed this rule to show cause why the verdict should not be set aside.

The first contention is that it was error to permit the plaintiff to testify as to the purchase price of the furniture which had been destroyed. Not so. The evidence showed that the purchases had been made at various times, the earliest of which was some fourteen months prior to the date of the shipment. While the price paid for property does not, by itself, establish the value thereof, yet it is an element to be taken into consideration by the jury in determining the value. As was said by Mr. Chief Justice Beasley in *Central Railroad Co.* v. *State Board of Assessors,* 49 N. J. L. 6: "Cost, though not an incontestable evidence of exchangeable value, is, nevertheless, almost always an important particular in the mass of circumstances laying the basis of a rational judgment touching the value of anything as an article of sale."

We think there is no merit in the next point, which is that there was no evidence of any negligence or lack of care on the part of the defendant, and that therefore a nonsuit should have been directed.

Of course a warehouseman is liable for any loss or injury to goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would

exercise. *Comp. Stat., p.* 5780, § 21. The evidence showed that the furniture was in good order when it was shipped, and that it had been practically destroyed by rats when it was received by plaintiff fourteen months later. The evidence also showed that defendant's warehouse was overrun to some extent by rats. Although it was possible that the injury to the goods might have occurred during the six days of storage in the railroad company's freighthouse, the likelihood of its occurring in the defendant's warehouse was very much greater, and the evidence justified the jury in finding a want of due care, and consequent liability upon the part of the defendant warehouse company. *Levine* v. *Wolff,* 78 *N. J. L.* 306; *Jackson* v. *McDonald,* 70 *Id.* 594.

Moreover, where, as here, furniture is in good condition when shipped, and is delivered by the carrier to a warehouseman, and when later delivered to the owner is found to be injured, the presumption is, in the absence of evidence, that it was damaged while in the possession of the last bailee, and the burden is on him to show the contrary. *Cole* v. *New York, New Haven and Hartford Railroad Co.,* 65 *N. E. Rep.* (*Mass.*) 400; *Moore* v. *New York, New Haven and Hartford Railroad Co.,* 53 *Id.* (*Mass.*) 816.

It is argued that the court erroneously refused to limit the scope of the cross-examination of the defendant in certain particulars stated. We are not satisfied that this is so. But, assuming that it is, the evidence thus admitted was immaterial and not prejudicial to the defendant, and therefore constitutes no sufficient reason for a new trial.

The final contention that the verdict is excessive is without merit.

The rule to show cause will be discharged, with costs.